Robert M. Aronson (SBN #81487)
**LAW OFFICE OF ROBERT M. ARONSON, APC**
444 S. Flower Street, Suite 1700
Los Angeles, CA 90071
Telephone No. (213) 688-8945
FAX No. (213) 688-8948
Email: robert@aronsonlawgroup.com

[Proposed] Attorney for Wesley H. Avery, Chapter 7 Trustee

FILED & ENTERED

JAN 28 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell    DEPUTY CLERK

<u>ORDER NOT FOR PUBLICATION</u>

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>XINZHONG BAO,<br><br>                    Debtor. | Case No. 2:15-bk-27192-RK<br><br>Chapter **7**<br><br>**ORDER CONDITIONALLY APPROVING APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY GENERAL BANKRUPTCY COUNSEL [11 U.S.C. § 327(a), Fed. R. Bank. P. 2014 and Loc. Bankr. R. 2014-1(b)(2) and 9013-1(o)]**<br><br>[No Hearing Required] |

The court, having reviewed and considered the Application By Chapter 7 Trustee To Employ General Bankruptcy Counsel ("Application"), ECF 9, of the Chapter 7 Trustee, Wesley H. Avery ("Trustee"), by and through his proposed general bankruptcy counsel, Robert M. Aronson ("Counsel") of the Law Office of Robert M. Aronson, APC ("Firm"), the Notice of Application, ECF 10, and the Declaration That No Party Requested A Hearing On Motion, ECF 11, and having found that no opposition was filed to the Application, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. Trustee's Application is CONDITIONALLY APPROVED; and

2. The Firm's employment as Trustee's general bankruptcy counsel shall be effective December 11, 2015, and is approved pursuant to 11 U.S.C. §§ 327(a) and 330, subject to the terms and conditions of paragraph 3 below.

**IT IS FURTHER ORDERED** that:

3. Pursuant to Local Bankruptcy Rule 9011-3(a), Counsel is now ordered to read Local Bankruptcy Rule 9013-1(o)(3)(A), because Counsel failed to attach the Notice of Application and the proof of service of the Notice to the Declaration That No Party Requested A Hearing On Motion as required by Local Bankruptcy Rule 9013-1(o)(3)(A) (". . . A copy of the motion, notice, and proof of service of the notice and motion must be attached as exhibits to the declaration."), and Counsel must file a declaration with the court stating that he has done so by February 10, 2016. In its discretion, the court proceeded to conditionally approve Counsel's employment application rather than denying it without prejudice on procedural grounds for non-compliance with the Local Bankruptcy Rules because of the Trustee's urgent need for legal representation in this matter. However, Counsel is fully expected to comply with the procedural requirements of the Local Bankruptcy Rules if he is to be employed as an estate professional pursuant to the authorization of this court. <u>Failure to timely file this declaration with the court may result in the imposition of monetary sanctions against Counsel in the amount of $100.00</u>. Counsel may request reconsideration of these sanctions within 14 days of the entry of this order by

///

filing a request for hearing on 21 days notice on the court's regular law and motion calendar on Tuesdays at 2:30 p.m.

###

Date: January 28, 2016

_____
Robert Kwan
United States Bankruptcy Judge